| | |
|---|---|
| 1 | DAN MARMALEFSKY (CA SBN 95477) |
| 2 | Email: dmarmalefsky@mofo.com<br>MORRISON & FOERSTER LLP |
| 3 | 555 West Fifth Street<br>Los Angeles, California 90013-1024 |
| 4 | Telephone: 213.892.5200<br>Facsimile: 213.892.5454 |
| 5 | ADAM A. LEWIS (CA SBN 88736) |
| 6 | Email: alewis@mofo.com<br>MARK D. GURSKY (CA SBN 217690) |
| 7 | Email: mgursky@mofo.com<br>MORRISON & FOERSTER LLP |
| 8 | 425 Market Street, 31st Floor<br>San Francisco, California 94105-2482 |
| 9 | Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 |

**All future discovery filings shall include the following language on the cover page: "[Referred to Magistrate Judge Suzanne H. Segal]"**

FILED
CLERK, U.S. DISTRICT COURT
JUN 26 2008
CENTRAL DISTRICT OF CALIFORNIA
BY  DEPUTY

**NOTE CHANGES MADE BY COURT**

Attorneys for Defendant
TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORINA
EASTERN DIVISION — RIVERSIDE COURTHOUSE

| | |
|---|---|
| In re<br><br>PERSISTENCE CAPITAL, LLC,<br>Debtor.<br><br>DAVID L. HAHN, CHAPTER 7 TRUSTEE OF PERSISTENCE CAPITAL, LLC, a Nevada limited liability company;<br>Plaintiff,<br>v.<br>TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY, an Iowa corporation; PERSONAL INVOLVEMENT CENTER, LLC, a Nevada limited liability company; ASSETMAX, a California corporation; PERSISTENCE FRIENDS I, LLC, a Nevada limited liability company; PERSISTENCE FRIENDS II, LLC, a Nevada limited liability company; EZ/HS, LLC, a Delaware limited liability company; NAMCO CAPITAL GROUP INC., a California corporation; ARJAN ZIEGER aka ARI ZIEGER, an individual,<br>Defendants. | Case No. 5:07-cv-01493-SGL (SSx)<br><br>**STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] GENERAL PROTECTIVE ORDER THEREON**<br><br>Action Filed: September 10, 2007<br>Trial Date: None Set |

STIPULATION AND [PROPOSED] GENERAL PROTECTIVE ORDER
CASE NO. 5:07-CV-01493-SGL
sf-2476979

1  Plaintiff David L. Hahn, Chapter 7 Trustee of Persistence Capital, LLC and
2  defendants Transamerica Occidental Life Insurance Company, EZ/HS, LLC, Asset
3  Max, Inc., Personal Involvement Center, LLC, and Namco Capital Group, Inc.
4  stipulate as follows:

## DEFINITIONS

1.  As used in this Protective Order,

   (a)  "Designating Party" means any Person, including third parties, who designates Material as Confidential Material.

   (b)  "Discovering Counsel" means counsel for a Discovering Party.

   (c)  "Discovering Party" means the Party or Parties to whom Material is being Provided by a Producing Party.

   (d)  "Confidential Material" means any Material designated as Confidential in accordance with the terms of this Protective Order.

   (e)  "Material" means any document, videotape, testimony or information in any form or medium whatsoever, including, without limitation, any written or printed matter, Provided in this Action before or after the date of this Protective Order.

   (f)  "Party" means the current parties to this Action, their attorneys of record and their agents.

   (g)  "Person" means any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity whether a Party or not.

   (h)  "Producing Party" means any Person who Provides Material during the course of this Action.

   (i)  "Provide" means to produce any Material, whether voluntarily or involuntarily, whether pursuant to request or process, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

(j) "Videotape" means any film, videotape, CD-ROM or any other type of video recording, regardless of the media format.

(k) "Action" means *Hahn v. Transamerica, et al.*, 5:07-cv-01493-SGL.

## CONFIDENTIAL DESIGNATION

2. A Producing Party may designate as "Confidential" any Material Provided to a Party which the Producing Party has in good faith determined to contain or disclose any of the following, and which the Producing Party has in fact consistently treated as such:

(a) Material that constitutes, contains or reveals proprietary, secret, or sensitive personal, medical, financial, business, trade secret, technical, or commercial information which, if publicly disclosed would (a) tend to cause present or future competitive injury; (b) constitute an unwarranted invasion or violation of privacy interests; or

(b) Information that any Party is under a duty to preserve as confidential under an agreement with or other obligation to another Person or as required by law.

3. A Producing Party may designate Confidential Material under this order by any of the following methods:

(a) By identifying the Material with reasonable specificity before permitting the Discovering Counsel to inspect it or to make a copy of it; or

(b) By physically marking it with the following inscription at the time such documents, or copies of such documents, are delivered to the Receiving Party: "CONFIDENTIAL: ~~SUBJECT TO PROTECTIVE ORDER~~"; or

(c) As set forth in Paragraph 15 of this Order; or ⟨SHS⟩

(d) Within 15 days after the entry of this Protective Order, by identifying with specificity in writing to the Discovering Party any Materials produced in this Action prior to the entering of this Protective Order. For purposes

of this method of designation, it will be a sufficiently specific identification to refer to the Bates numbers or deposition page numbers of previously Provided Material. Where a Producing Party designates previously Provided Material as Confidential Material pursuant to this subparagraph, the Producing Party will follow the procedures set forth in subparagraph (b) for designating Confidential Material, and Provide to the Discovering Party additional copies of the previously Provided Material marked with the inscription described in subparagraph (b). Upon receipt of the additional copies which comply with the procedures set forth in subparagraph (b), the Discovering Party will immediately return to the Producing Party the previously Provided Material, or alternatively, will destroy all the previously Provided Material, at the option of the Producing Party. For previously Provided Material which was not designated as Confidential Material at the time of its being Provided, this Protective Order shall apply to such Materials beginning on the date that the Producing Party makes such designation.

## RESTRICTION ON USE OF CONFIDENTIAL MATERIAL

4. Confidential Material shall not be disclosed, nor shall its contents be disclosed, to any Person other than those described in Paragraph 7 of this Protective Order and other than in accordance with the terms, conditions and restrictions of this Protective Order.

5. Confidential Material Provided by a Producing Party to a Discovering Party shall not be used by the Discovering Party or anyone other than the Producing Party, specifically including the Persons identified in Paragraph 7, for any purpose other than this Action and other pending judicial proceedings arising from the same transactions giving rise to the claims asserted (or counterclaims that may be asserted) in this Action, including, without limitation, for any personal, business, governmental, commercial, or social purpose, or for the purpose of any litigation (administrative or judicial), other than this Action and other pending judicial

proceedings arising from the same transactions giving rise to the claims asserted (or counterclaim that be asserted) in this Action.

6. All Confidential Material shall be kept secure by Discovering Counsel and access to Confidential Material shall be limited to Persons authorized pursuant to Paragraph 7 of this Protective Order.

7. For purposes of the preparation of this Action, and subject to the terms, conditions, and restrictions of this Protective Order, Discovering Counsel may disclose Material designated as Confidential and the contents of Material designated as Confidential only to the following Persons:

(a) Attorneys of record for the Parties in this Action, including the attorneys' partners, associates, paralegals, assistants, secretaries, clerical staff or other employees who are assisting the attorneys of record in their representation in this Action;

(b) Court reporters and their staff;

(c) The Court and any Person employed by the Court whose duties require access to Confidential Material;

(d) Witnesses in the course of their depositions or other proceedings in this Action so far as is necessary for their examination, in accordance with the procedures set forth in Paragraphs 9-13;

(e) Non-party experts, consultants (including consulting attorneys) and investigators assisting counsel with respect to this Action and their secretarial, technical and clerical employees, including copy services, who are actively assisting in the preparation of this Action, in accordance with the procedures set forth in Paragraph 9;

(f) Photocopy service personnel who photocopy or assist in the photocopying or delivering of documents in this Action, or who convert or assist in the conversion of such documents to electronic form;

(g) Any current or former officer, director or employee of a Party, to the extent disclosure to such officer, director or employee is deemed necessary by counsel for the prosecution or defense of this Action, in accordance with the procedures set forth in Paragraph 9;

(h) Any Person identified on the face of any such Confidential Material as an author or recipient thereof, in accordance with the procedures set forth in Paragraph 9; and

(i) Any Person who is determined to have been an author and/or previous recipient of the Confidential Material, but is not identified on the face thereof, provided there is prior testimony by that Person, under oath, that he or she was the actual author of, or previously received, the Confidential Material, in accordance with the procedures set forth in Paragraph 9; and

(j) Entities insuring any of the parties to the litigation for any alleged damages arising out of any alleged acts and/or omission against the parties in this Action, and all attorneys for such entities, whether in house, employed or retained by such entities, in connection with determining issues of insurance coverage pertaining to the alleged acts and/or omissions against the parties in this Action, in accordance with the procedures set forth in Paragraph 9; and

(k) Third party witnesses, provided that Discovering Counsel believes in good faith that disclosure to such a witness is necessary for the purpose of preparation of this Action, in accordance with the procedures set forth in Paragraph 9.

(l) Any Person, who is not a party to this Action, but who is named as a party in a pending judicial proceeding arising from the same transactions giving rise to the claims and counterclaims asserted in this Action, subject to the limitations as set forth in Paragraph 21.

8. The Parties shall make a good faith effort to limit dissemination of Confidential Material within these categories to Persons who have a reasonable need for access thereto.

## CERTIFICATION TO BE BOUND BY PROTECTIVE ORDER

9. Before Discovering Counsel may disclose Confidential Material to any Person described in subparagraphs 7(d), 7(e), 7(g), 7(h), 7(i), 7(j), 7(k), or 7(l) above, the Person to whom disclosure is to be made shall read a copy of this Protective Order, shall evidence his or her agreement to be bound by its terms, conditions, and restrictions, by signing a certification in the form attached hereto as Exhibit A (the "Certification") and shall retain a copy of this Protective Order, with a copy of his or her signed Certification attached. Discovering Counsel shall keep a copy of the signed Certification for each Person described in subparagraphs 7(d), 7(e), 7(g), 7(h), 7(i), 7(j), 7(k), or 7(l) above or to whom Discovering Counsel discloses Confidential Material. In the event any Person declines to sign the Certification, any Party may apply to the Court for relief on terms that are just so that disclosure may be made. The Producing Party may oppose any such request on any basis it reasonably deems necessary.

## DEPOSITIONS

10. Those portions of depositions taken by any Party at which any Confidential Material is used or inquired into, may not be conducted in the presence of any Person(s) other than (a) the deposition witness, (b) his or her counsel, and (c) those Persons authorized under Paragraph 7 of this Protective Order to view such Confidential Material.

11. Counsel may designate testimony or exhibits as Confidential Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his or her testimony are to be treated as Confidential Material. Failure of counsel to designate testimony or exhibits as Confidential at a deposition, however, shall not constitute a waiver of the protected status of the testimony or

1  exhibits. Unless otherwise agreed, all deposition transcripts and exhibits shall be
2  deemed provisionally Confidential under this Order for a period of 20 days after
3  receipt of the deposition transcript. Within 20 calendar days of receipt of the
4  transcript of the deposition, counsel shall be entitled to designate specific testimony
5  or exhibits as Confidential by providing written notice to counsel for all other
6  Parties.

7      12. When Material disclosed during a deposition is designated
8  Confidential at the time testimony is given, the reporter shall separately transcribe
9  those portions of the testimony so designated, shall mark the face of the transcript
10  in accordance with Paragraph 3(b) above, and shall maintain that portion of the
11  transcript or exhibits in separate files marked to designate the confidentiality of
12  their contents. The reporter shall not file or lodge with the Court any Confidential
13  Material without obtaining written consent from the Party who designated the
14  Material as Confidential. For convenience, if a deposition transcript or exhibit
15  contains repeated references to Confidential Material which cannot conveniently be
16  segregated from non-confidential Material, any Party may request that the entire
17  transcript or exhibit be maintained by the reporter as Confidential.

18      13. Unless otherwise directed by either the Clerk or the Court, if any Party
19  files with the Court any pleading, discovery response, affidavit, motion, brief, or
20  other paper containing, appending, summarizing, excerpting or otherwise
21  embodying Confidential Material, the pleading or other paper in which the
22  Confidential Material is embodied shall be filed ~~and served in a sealed envelope or~~ pursuant to Local Rule 79-5.1
23  other container marked on the outside with the title of this Action, an identification
24  of each item within and a statement substantial as follows:
25          "Confidential Information ~~subject to Protective Order.~~ sus L.R. 79-5.3
26          This item shall not be opened except as ordered by the
           Court or upon written stipulation, executed by all parties
           or their counsel and filed with the Court in this action."
27
28

1  The envelope or other container in the Court file shall not be opened except as
2  ordered by the Court or upon written stipulation, executed by all the parties or their
3  counsel and filed with the Court. All such documents or things so filed shall be
4  treated in accordance with the provisions of this Order.

## OBJECTIONS TO DESIGNATION

14. Any Party may at any time notify the Designating Party in writing of its contention that specified Material designated as Confidential is not properly so designated because such Material does not meet the standards set forth in Paragraph 2 of this Protective Order. The Designating Party shall within three (3) court days, meet and confer in good faith with the Party challenging the designation, either in person or telephonically, in an attempt to resolve such dispute. The challenging Party shall have twenty (20) calendar days from the conclusion of the meet and confer to submit a joint stipulation challenging the designation of the Material in question in accordance with the procedure set out in Central District of California Local Rule 37-2. If no joint stipulation is submitted within that 20 day period, and no extension of time is mutually agreed to, the challenging party shall apply to the Court for an appropriate order. Pending resolution of any challenge made pursuant to this Paragraph, all Persons bound by this Protective Order shall continue to treat the Material that is the subject of the challenge as designated by the Designating Party.

## INADVERTENT FAILURE TO DESIGNATE

15. If any information that a Producing Party claims in good faith is Confidential is inadvertently disclosed to a Party without being properly designated as Confidential Material, the Producing Party may notify each receiving Party that such information was inadvertently not so designated, provided the Producing Party gives such notice in writing within 30 days after becoming aware that the Material was not properly designated Confidential and the reasons therefore. Such written notice shall identify with specificity the Material the Producing Party is then

designating to be Confidential. If the Producing Party gives such written notice as provided above, its claims of confidentiality shall not be deemed to have been waived by its failure to designate properly the Material as Confidential prior to disclosure. Upon receipt of written notice as provided for herein, the receiving Party shall mark the original and all known copies of the Material with the proper designation. In addition, the receiving Party shall use its best efforts to ensure that the information that was inadvertently disclosed is thereafter restricted to only those Persons entitled to receive Confidential Material under the terms set forth herein.

## RETURN OF MATERIAL

16. Within 90 calendar days after the final settlement or termination of this Action, any Producing Counsel shall have the option to make request of any Discovering Counsel for the return and/or destruction of all materials provided by a Producing Party and all copies thereof except to the extent that any of the foregoing includes or reflects Discovering Counsel's work product and except to the extent that such Material has been filed with the Court in which proceedings related to this Action are being conducted. If no such request is made, then at the option of the Discovering Counsel, the Confidential Materials may be destroyed or stored in a secure area, and no Party shall make any use of such Material except in conjunction with any appeal arising directly out of this action, or pursuant to a Court order for good cause shown.

## CONTINUING OBLIGATION

17. The obligation of this Protective Order shall survive the termination of this Action. All Material designated Confidential shall remain so, and shall not be used for any purpose except in connection with any appeal arising directly out of this Action. Discovering Counsel shall ensure compliance with the terms of this Protective Order by any Person to whom Discovering Counsel or the Discovering Party disclosed Confidential Material pursuant to this Protective Order. Upon request, counsel for each Party shall verify in writing that they have complied with

1 the provisions of this Order. The Court shall retain, after this Action has
2 terminated, jurisdiction to enforce the provisions of this Order and to make such
3 amendments, modifications and additions to this Order as the Court may from time
4 to time deem appropriate.

## EFFECT OF THIS ORDER

6     18.    Nothing in this Protective Order shall be deemed to limit, prejudice, or
7 waive any right of any Party or Person (a) to resist or compel discovery with respect
8 to, or to seek to obtain additional or different protection for, Material claimed to be
9 protected work product or privileged under California, federal, or any other
10 applicable law, Material as to which the Producing Party claims a legal obligation
11 not to disclose, or Material not required to be Provided pursuant to applicable law;
12 (b) to object to the use, relevance, or admissibility at trial or otherwise of any
13 Material, whether or not designated in whole or in part as Confidential Material
14 governed by this Protective Order; or (c) otherwise to require that discovery be
15 conducted according to governing laws and rules.

16     19.    Designation of Material as Confidential on the face of such Material
17 shall have no effect on the authenticity or admissibility of such Material at trial.

18     20.    This Protective Order shall not preclude any Person from waiving the
19 applicability of this Protective Order with respect to any Confidential Material
20 Provided by that Person or using any Confidential Material by that Person or using
21 any Confidential Material owned by that Person in any manner that Person deems
22 appropriate.

23     21.    If at any time any Confidential Material protected by this Protective
24 Order is subpoenaed from the Discovering Party by any Court, administrative or
25 legislative body, or is requested by any other Person or entity purporting to have
26 authority to require the production of such Material, the Party to whom the
27 subpoena or other request is directed shall immediately give written notice thereof
28 to the Producing Party with respect to Confidential Material sought and shall afford

1 | the Producing Party seven (7) calendar days to pursue formal objections to such
2 | disclosure.
3 |     22.    This Protective Order shall not relieve any Party from any obligation
4 | under other protective orders in this Action.

~~INJUNCTIVE RELIEF~~

~~23. The Parties agree that any breach of this Protective Order would cause irreparable harm for which monetary damages would be inadequate. Consequently, any Party may seek an injunction to prevent any breach of this Protective Order, or any continuing breach thereof, provided, however, that the remedy of injunctive relief is the sole and exclusive remedy available to a Party claiming that any current or former attorney of record has breached the confidentiality provisions of the agreement. All Parties and third parties shall indemnify the non-breaching Parties for any and all damages incurred as a result of such breach, including without limitation, all costs, expenses, liabilities, and attorneys' fees incurred by the non-breaching parties. If a Party brings a claim for breach of this Protective Order but does not prevail, such Party shall be liable for the costs and attorneys' fees incurred by the prevailing party in defending the claim.~~

[SHS initials circled]

**IT IS SO ORDERED.**

Date: _____    _____
                                                Honorable Stephen G. Larson
                                                United States District Judge

```
All future discovery filings shall
include the following language
     on the cover page:
"[Referred to Magistrate Judge
     Suzanne H. Segal]"
```

[Stamp: IT IS SO ORDERED. DATED: 6/26/08 [signature] UNITED STATES MAGISTRATE JUDGE]

| | |
|---|---|
| Dated: June , 2008: | DAN MARMALEFSKY<br>ADAM A. LEWIS<br>MARK D. GURSKY<br>MORRISON & FOERSTER LLP<br><br>By: /s/ Adam A. Lewis<br>    Adam A. Lewis<br>    Attorneys for Defendant<br>    TRANSAMERICA OCCIDENTAL<br>    LIFE INSURANCE COMPANY |
| Dated: June__, 2008: | TIMOTHY L. NEUFELD<br>EVA WONG<br>NEUFELD LAW GROUP<br>A Professional Corporation<br><br>By: _____<br><br>Attorneys for EZ/HS, LLC &<br>NAMCO CAPITAL GROUP, INC. |
| Dated: June__, 2008: | AUDWIN CAREY SPENCE<br><br>By: _____<br><br>Attorney for PERSONAL<br>INVOLVEMENT CENTER, LLC |

| | | |
|---|---|---|
| 1 | Dated: June___, 2008: | RICHARD K. DIAMOND |
| 2 | | KATHY BAOIAN PHELPS |
| | | GEORGE SCHULMAN |
| 3 | | STEVEN J. SCHWARTZ |
| | | DANNING, GILL, DIAMOND & |
| 4 | | KOLLITZ, LLP |

By: _____

    Attorneys for DAVID L. HAHN,
    CHAPTER 7 TRUSTEE OF
    PERSISTENCE CAPITAL, LLP

Dated: June _, 2008:        RICHARD MCMILLAN

By: _____

    Attorney for ASSET MAX, INC.

# EXHIBIT A

## CERTIFICATION REGARDING CONFIDENTIALITY

I, _____, certify:

1. I have read the Stipulation For Protective Order and General Protective Order Thereon dated March __, 2008 entered in the litigation *Hahn v. Transamerica Occidental Life Insurance Company, et al.*, filed in the United States District Court, Central District of California, Eastern Division — Riverside Courthouse, 5:07-cv-01493-SGL (the "Order").

2. I am familiar with the contents of the Order and agree to comply and be bound by the terms, conditions, and restrictions thereof.

3. By signing below, I hereby agree to submit to the jurisdiction of the United States District Court, Central District of California, Eastern Division — Riverside Courthouse, for resolving any and all disputes regarding the Order and this Certification Regarding Confidentiality. I further agree that the United States District Court, Central District of California, Eastern Division — Riverside Courthouse shall be the sole and exclusive venue for resolving any disputes arising from the Order and this Certification Regarding Confidentiality.

Date: _____          _____
                                                                          [Name]